**UNITED PAPERWORKERS INTERNATIONAL UNION, AFL–CIO, CLC, Graphic Communications International Union, AFL–CIO, CLC, Locals 20 and 835, International Union of Operating Engineers, AFL–CIO, Ranzie Rigsby, Otto Stewart, Emerson Adkins, Lawrence Pentecost, representing a class consisting of all retirees of defendants who have been employed by Container Corporation of America, Appellants,**

**v.**

**JEFFERSON SMURFIT CORPORATION, Container Corporation of America, Smurfit Pension and Insurance Services Company, Appellees.**

No. 91–3128.

United States Court of Appeals, Eighth Circuit.

Submitted March 11, 1992.

Decided April 20, 1992.

David Cook, Cincinnati, Ohio, argued (Robert Mitchell and Lori Freno–Engman, Cincinnati, Ohio, Michael Hamilton, Nashville, Tenn., Arthur Martin, St. Louis, Mo., on the brief), for appellants.

C.R. Gangemi, Jr., Chicago, Ill., argued (Thomas Reynolds, Jr., Dehorah Haude, and Michael Mulhern, Chicago, Ill., John Cole, Jordan Cherrick, and Glenn Davis, St. Louis, Mo., on the brief), for appellees.

Before WOLLMAN and MAGILL, Circuit Judges, and WOODS,* District Judge.

HENRY WOODS, District Judge.

This appeal arises from a final order of the district court[1] granting the defendants' motion for summary judgment 771 F.Supp. 992. The appellants United Paperworkers International Union, AFL–CIO, CLC, Graphic Communications International Union, AFL–CIO, International Union of Operating Engineers, AFL–CIO, Local 20, and International Union of Operating Engineers, AFL–CIO, Local 835, are labor unions representing workers in collective bargaining units at manufacturing facilities throughout the United States owned and operated by the defendants/appellees. The remaining appellants are class representatives for approximately 3500 hourly retirees who participate in a health insurance program offered by the appellees. The appellants contend that the district court erred in granting the defendants' motion for summary judgment and abused its discretion in denying their motion to amend their complaint. We affirm.

Rule 56 of the federal Rules of Civil Procedure provides, in pertinent part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The material facts were not in dispute in this case. In 1964, appellee Container Corporation offered to its salaried and hourly future retirees a retiree health insurance plan at no cost to the retirees. The Plan remained virtually unchanged from its inception in 1964 until 1976 when significant changes were made for all future retirees and for any retiree who wished to convert from the 1964 Plan to the 1976 Plan. The 1976 Plan did not limit benefits to a fixed dollar schedule of benefits, and participating retirees were required to pay a portion of the costs associated with the Plan.

The 1976 Plan complied with the Employment Retirement Income Security Act (ERISA) requirements that plans be set forth in a formal, written document (29 U.S.C. § 1102) and that a Summary Plan Description, describing the terms of the Plan be provided (29 U.S.C. § 1022). The Plan contained no guarantee as to amounts of premiums to be paid by retirees. The plan administrators reserved the right to "terminate, suspend, withdraw, amend or modify the Plan in whole or part at any time, subject to any applicable provisions of the group insurance policy(ies)." There is absolutely nothing in the plan to contradict or cloud the plain and obvious meaning of this reservation-of-rights clause. *See Alday v. Container Corp. of America*, 906 F.2d 660 (11th Cir.1990) (interpreting this same welfare benefit plan, court finds no basis in language of the plan to contradict the reservation of right to amend, modify, or terminate).

Changes were made to the 1976 Plan, and each amended plan included the reservation of rights quoted above. In 1987, significant changes were made, including a reduction in lifetime benefits available and increased retirees' premiums. These 1987 changes in the Plan gave rise to this class action lawsuit.

■ Plaintiffs concede that the plan at issue is a welfare benefit plan under 29 U.S.C. § 1002(1) and not a pension plan under 29 U.S.C. § 1002(2). When enacting ERISA, Congress did not subject welfare benefit plans to the vesting, participation, and minimum funding requirements of pension plans. 29 U.S.C. §§ 1051–1086.

With regard to an employer's right to change medical plans, Congress evidenced its recognition of the need for flexibility in rejecting the automatic vesting of welfare plans. Automatic vesting was rejected because the costs of such

---

* The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas, sitting by designation.

1. The Honorable George F. Gunn, United States District Judge for the Eastern District of Missouri.

plans are subject to fluctuating and unpredictable variables. Actuarial decisions concerning fixed annuities are based on fairly stable data, and vesting is appropriate. In contrast, medical insurance must take account of inflation, changes in medical practice and technology, and increases in the costs of treatment independent of inflation. These unstable variables prevent accurate predictions of future needs and costs.

*Moore v. Metropolitan Life Ins. Co.*, 856 F.2d 488, 492 (2d Cir.1988). It is, thus, undisputed that the plaintiffs had no vested rights under ERISA to the health plan at issue in this case. Nor do the plaintiffs contest the conclusion that the plan at issue was clear and unambiguous on its face. Rather, the plaintiffs argue that the written ERISA welfare plan was superseded by subsequent oral modifications to the collective bargaining agreement, and that the defendants' unilateral changes to the plan breached that collective bargaining agreement in violation of § 301 of the Labor Management Relations Act, 29 U.S.C. § 185. They contend that summary judgment was not appropriate, in any event, because there were genuine issues of material facts in dispute, i.e. whether there were oral collective bargaining agreements pertaining to the retiree health benefit plan and the terms of any such agreements.

■ We must, as a preliminary matter, determine whether an oral collective bargaining agreement can supersede contradictory terms of a written ERISA welfare benefit plan which is clear and unambiguous on its face. Stated another way, did Congress intend to except oral collective bargaining agreements from the ERISA requirement that all terms of a welfare benefit plan be reduced to a formal written document? We think not. We find nothing to indicate that such an exception was contemplated by Congress; the creation of such an exception would be contrary to congressional intent, contrary to public policy, and contrary to the primary purpose of ERISA. The ERISA requirement that terms of a welfare benefit plan be committed to writing was intended to insure that employees could rely on the terms of the

formal written plan provided to them without fear that unwritten, contrary terms would later surface. "While these plaintiffs would be helped by a decision in their favor, such a ruling would not only fly in the face of ERISA's plain language but would also decrease protection for future employees and retirees." *Id.*

This is not to say that employers and employees cannot collectively bargain for welfare benefit plans, or that they cannot bargain to have welfare benefits vest. The law is settled on this point. However, if they are to be given effect, the fruits of those bargains must be reduced to writing and incorporated, in some fashion, into the formal written ERISA plan provided to employees. In this case, there was no reference at all in the plan to the collective bargaining agreement; there was no reference in the written collective bargaining agreement to vested lifetime benefits in the plan or fixed premiums. In short, there is no writing whatsoever of terms contrary to the reservation of rights clause in the plan. *Cf. Armistead v. Vernitron Corp.*, 944 F.2d 1287 (6th Cir.1991) (court affirmed the finding of an ERISA violation on ground that the collective bargaining agreement (CBA) included a medical insurance plan which *was* an ERISA welfare benefit plan. The terms of the welfare benefit plan were contained within the CBA.)

■ Furthermore, in this case the district court correctly concluded that the company's statements to retirees were made in its capacity as settlor of the plan and not as a fiduciary. Thus, there was no breach of fiduciary duty. *Musto v. American General Corp.*, 861 F.2d 897, 911 (6th Cir.1988), *cert. denied*, 490 U.S. 1020, 109 S.Ct. 1745, 104 L.Ed.2d 182 (1989) ("There is a world of difference between administering a welfare plan in accordance with its terms and deciding what those terms are to be. A company acts as a fiduciary in performing the first task, but not the second."); *Amato v. Western Union International, Inc.*, 596 F.Supp. 963, 968 (S.D.N.Y. 1984) (employer "wears two hats" and is held to standards of fiduciary only in capacity as administrator of the plan), *aff'd*

*in part and rev'd in part,* 773 F.2d 1402, 1416–17 (2d Cir.1985), *cert. dismissed,* 474 U.S. 1113, 106 S.Ct. 1167, 89 L.Ed.2d 288 (1986).

We find no abuse of discretion in the district court's decision not to permit the plaintiffs to amend or supplement their complaint almost four years after the original complaint was filed and after the discovery cutoff date had passed.